**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: CLEANNET FRANCHISE AGREEMENT CONTRACT LITIGATION** MDL No. 2560

**ORDER DENYING TRANSFER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants CleanNet USA, Inc., CleanNet of Illinois, Inc., CleanNet of Southern California, Inc., CleanNet Systems of Pennsylvania, Inc., and Mark Salek (collectively, CleanNet) move for centralization of this litigation in the Northern District of Illinois. This litigation currently consists of three actions pending in the Northern District of California, the Northern District of Illinois, and the Eastern District of Pennsylvania, as listed on Schedule A.

Defendants FCDK, Inc. d/b/a CleanNet of Sacramento, PaqNet, Inc. d/b/a CleanNet of San Diego, D&G Enterprises, Inc. d/b/a CleanNet of the Bay Area, and David Crum join the motion. Plaintiffs in all the actions oppose centralization. Plaintiffs in the California action alternatively request that, if the Panel decides that centralization is appropriate, we defer transfer of the California action until defendants' motions to dismiss are resolved.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. Plaintiffs in all three actions allege CleanNet's business plan—in which CleanNet USA purportedly licenses "Area Operators" (its co-defendants) to sell commercial cleaning franchises—is both illusory and predatory, resulting in the misclassification of the "franchisees" as independent contractors rather than employees. While the business plan is a common element, each action involves different Area Operator defendants—who are alleged to be the signatories to the challenged franchise agreements—and different causes of action. CleanNet's primary motivation for centralization of these actions is to obtain a uniform determination of the applicability of the arbitration provisions in the various franchise agreements. Seeking a uniform *legal* determination, though, generally is not a sufficient basis for centralization. *See In re Real Estate Transfer Tax Litig.*, 895 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012).

Furthermore, only three actions are pending, and there is little overlap among the putative classes, which are primarily brought on behalf of putative state classes and assert claims under state law (the exception being a putative nationwide collective action under the Fair Labor Standards Act in the Illinois action in addition to Illinois state law claims). At oral argument, counsel for the plaintiffs stated that they will coordinate with one another for purposes of any common discovery of

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

the sole common defendant—CleanNet USA. Accordingly, available alternatives to centralization, in particular informal cooperation among the involved attorneys and coordination between the involved courts, appear likely to minimize whatever possibilities may arise of duplicative discovery or inconsistent pretrial rulings. *See, e.g.*, *In re Boehringer Ingelheim Pharms., Inc., Fair Labor Stds. Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378–79 (J.P.M.L. 2011).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell
Lewis A. Kaplan
R. David Proctor
Charles R. Breyer
Sarah S. Vance

**IN RE: CLEANNET FRANCHISE AGREEMENT CONTRACT LITIGATION** MDL No. 2560

**SCHEDULE A**

Northern District of California

ESTRADA, ET AL. v. CLEANNET USA, INC., ET AL., C.A. No. 3:14-01785

Northern District of Illinois

SANCHEZ v. CLEANNET USA, INC., ET AL., C.A. No. 1:14-02143

Eastern District of Pennsylvania

TORRES v. CLEANNET USA, INC., ET AL., C.A. No. 2:14-02818